Li v. Sessions

BIA
Zagzoug, IJ
A205 028 792

# UNITED STATES COURT OF APPEALS
# FOR THE SECOND CIRCUIT

## <u>SUMMARY ORDER</u>

RULINGS BY SUMMARY ORDER DO NOT HAVE PRECEDENTIAL EFFECT. CITATION TO A SUMMARY ORDER FILED ON OR AFTER JANUARY 1, 2007, IS PERMITTED AND IS GOVERNED BY FEDERAL RULE OF APPELLATE PROCEDURE 32.1 AND THIS COURT'S LOCAL RULE 32.1.1. WHEN CITING A SUMMARY ORDER IN A DOCUMENT FILED WITH THIS COURT, A PARTY MUST CITE EITHER THE FEDERAL APPENDIX OR AN ELECTRONIC DATABASE (WITH THE NOTATION "SUMMARY ORDER"). A PARTY CITING TO A SUMMARY ORDER MUST SERVE A COPY OF IT ON ANY PARTY NOT REPRESENTED BY COUNSEL.

At a stated term of the United States Court of Appeals for the Second Circuit, held at the Thurgood Marshall United States Courthouse, 40 Foley Square, in the City of New York, on the 2nd day of May, two thousand seventeen.

PRESENT:
> ROBERT A. KATZMANN,
> > *Chief Judge,*
> RICHARD C. WESLEY,
> DENNY CHIN,
> > *Circuit Judges.*

_____

GUOWEI LI,
> *Petitioner,*

> v.

JEFFERSON B. SESSIONS III, UNITED
STATES ATTORNEY GENERAL,
> *Respondent.*

16-103
NAC

_____

FOR PETITIONER: Jim Li, Flushing, NY.

FOR RESPONDENT: Benjamin C. Mizer, Principal Deputy Assistant Attorney General; Jeffery R. Leist, Senior Litigation Counsel; Sarah K. Pergolizzi, Trial Attorney, Office of Immigration Litigation, United States Department of Justice, Washington, DC.

UPON DUE CONSIDERATION of this petition for review of a Board of Immigration Appeals ("BIA") decision, it is hereby ORDERED, ADJUDGED, AND DECREED that the petition for review is DENIED.

Petitioner Guowei Li, a native and citizen of the People's Republic of China, seeks review of a December 17, 2015, decision of the BIA affirming an April 10, 2014, decision of an Immigration Judge ("IJ") denying Li's application for asylum, withholding of removal, and relief under the Convention Against Torture ("CAT"). *In re Guowei Li,* No. A205 028 792 (B.I.A. Dec. 17, 2015), *aff'g* No. A205 028 792 (Immig. Ct. N.Y. City Apr. 10, 2014). We assume the parties' familiarity with the underlying facts and procedural history in this case.

Under the circumstances of this case, we have reviewed both the BIA's and IJ's decisions "for the sake of completeness." *Wangchuck v. Dep't of Homeland Sec.*, 448 F.3d 524, 528 (2d Cir. 2006). The applicable standards of review are well established. *See* 8 U.S.C. § 1252(b)(4)(B); *Xiu Xia Lin v. Mukasey*, 534 F.3d 162, 165-66 (2d Cir. 2008) (reviewing adverse credibility determination for substantial evidence). The agency may, "[c]onsidering the totality of the circumstances,"

2

base a credibility finding on an asylum applicant's "demeanor, candor, or responsiveness," the plausibility of his account, and inconsistencies or omissions in his testimony and documentary evidence, "without regard to whether" any discrepancy "goes to the heart of the applicant's claim." 8 U.S.C. § 1158(b)(1)(B)(iii); *see also Xiu Xia Lin*, 534 F.3d at 163-64, 167. "We defer . . . to an IJ's credibility determination unless . . . it is plain that no reasonable fact-finder could make such an adverse credibility ruling." *Xiu Xia Lin*, 534 F.3d at 167. The agency's determination that Li was not credible is supported by substantial evidence, especially the change in Li's demeanor and responsiveness on cross-examination and the omission of his 2007 arrest and beating from a letter submitted by his father.

We defer to the IJ's assessment of Li's demeanor because "[a] fact-finder who assesses testimony together with witness demeanor is in the best position to discern, often at a glance, whether a question that may appear poorly worded on a printed page was, in fact, confusing or well understood by those who heard it [or] whether a witness who hesitated in a response was nevertheless attempting truthfully to recount what he recalled

3

of key events or struggling to remember the lines of a carefully crafted 'script'. . . ." *Majidi v. Gonzales*, 430 F.3d 77, 81 n.1 (2d Cir. 2005) (quoting *Zhang v. U.S. INS*, 386 F.3d 66, 73 (2d Cir. 2004)). Moreover, the record supports the IJ's determination that Li's demeanor changed dramatically on cross-examination. *Cf. Lin v. U.S. Dep't of Justice*, 453 F.3d 99, 109 (2d Cir. 2006) ("We can be still more confident in our review of observations about an applicant's demeanor where, as here, they are supported by specific examples of inconsistent testimony."). On direct examination, Li gave detailed testimony and was asked to pause several times so that his answers could be interpreted. On cross-examination, however, he was unable to remember basic dates and events and asked for questions to be repeated several times.

The omission of the 2007 home demolition and Li's arrest and beating from Li's father's letter also provides substantial support for the adverse credibility determination. *See Xiu Xia Lin*, 534 F.3d 166 n.3 (noting that "[a]n inconsistency and an omission are . . . functionally equivalent" for credibility purposes); *Ye v. Dep't of Homeland Sec.*, 446 F.3d 289, 294-95 (2d Cir. 2006) (noting that even one material inconsistency or

4

omission relating to the persecution from which an applicant sought asylum may provide substantial evidence for an adverse credibility determination). Li included the events from 2007 on his asylum application as a basis for a claim of past persecution and testified in detail about them, but his father's letter omitted any mention of the demolition, arrest, or beating. Li had no explanation for the omission, and contrary to Li's position, an omission by a third party may be a valid ground for an adverse credibility determination. *See Xiu Xia Lin*, 534 F.3d at 167 (finding that omission in friend's letter supported adverse credibility determination).

The agency also reasonably concluded that Li's corroborating evidence was insufficient to rehabilitate his credibility or independently meet his burden of proof. *See Biao Yang v. Gonzales*, 496 F.3d 268, 273 (2d Cir. 2007) ("An applicant's failure to corroborate his or her testimony may bear on credibility, because the absence of corroboration in general makes an applicant unable to rehabilitate testimony that has already been called into question"). Li did not provide any documentation corroborating the medical treatment he claimed he received following his 2007 arrest and beating. His

explanation that the Chinese government would not document the incident  does not explain why he could not have obtained hospital records regarding his treatment.  *See* 8 U.S.C. § 1252(b)(4)("No court shall reverse a determination made by a trier of fact with respect to the availability of corroborating evidence . . . unless the court finds . . . that a reasonable trier of fact is compelled to conclude that such corroborating evidence is unavailable.").

Given Li's change in demeanor and responsiveness, his father's omission of the 2007 events, and the lack of rehabilitative corroborating evidence, the totality of the circumstances supports the agency's adverse credibility determination.  The adverse credibility determination is dispositive of all of Li's claims for relief from removal.  *See Paul v. Gonzales*, 444 F.3d 148, 156-57 (2d Cir. 2006).

For the foregoing reasons, the petition for review is DENIED.

FOR THE COURT:
Catherine O'Hagan Wolfe, Clerk